## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tuan Le Nguyen,<br><br>         Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>         Respondents. | No. CV-17-01771-PHX-JAT (BSB)<br><br>**REPORT AND RECOMMENDATION** |

On June 7, 2017, Petitioner Tuan Le Nguyen filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents have filed an answer asserting that the petition is untimely. (Doc. 8.) Alternatively, Respondents argue that Petitioner's claims are procedurally barred from federal habeas corpus review or lack merit. (*Id.*) Petitioner has filed a reply in support of petition. (Doc. 15.) For the reasons below, the Court recommends that the petition be denied as untimely.

## I.     Factual and Procedural Background

### A.     Guilty Plea and Sentencing

Pursuant to a plea agreement, on January 6, 2004, Petitioner pleaded guilty in the Maricopa County Superior Court to one count of armed robbery, one count of first-degree burglary, and one count of kidnapping. (Doc. 8, Exs B, C, D.) On February 20, 2004, the trial court sentenced Petitioner to a total of thirty years' imprisonment. (Doc. 8, Ex. E at 12-14.)

## B.     Rule 32 Of-Right Proceeding

On February 27, 2004, Petitioner filed a notice of post-conviction relief in the trial court to commence an "of-right" proceeding under Rule 32 of the Arizona Rules of Criminal Procedure 32.[1]  (Doc. 8, Ex. F.)  Petitioner subsequently filed a petition arguing that the trial court erred in finding aggravated factors, in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).  (Doc. 8, Ex. H.)  On March 30, 2005, the trial court found that Petitioner's aggravated sentences violated *Blakely* and granted relief.  (Doc. 8, Ex J.)  The State sought review in the Arizona Court of Appeals.  On March 30, 2006, the Arizona Court of Appeals reversed the trial court's ruling and reinstated Petitioner's original aggravated sentences.  (Doc. 8, Ex. K.)  Petitioner did not file a petition for review in the Arizona Supreme Court, and the Arizona Court of Appeals issued its mandate on June 19, 2006.  (*Id*.)

## C.     Other Post-Conviction Proceedings

On October 13, 2006, Petitioner filed a notice of post-conviction relief in the trial court.  (Doc. 8, Ex. L.)  Petitioner argued that his guilty plea was involuntary and that trial counsel provided ineffective assistance of counsel.  (*Id*.)  On October 23, 2006, the trial court dismissed the post-conviction proceeding pursuant to Rule 32.2(a)(3), finding Petitioner's claims precluded because they should have been raised in the first Rule 32 of-right proceeding.  (Doc. 8, Ex. M.)

On June 18, 2012, Petitioner filed another notice of post-conviction relief arguing that defense counsel provided ineffective assistance during the plea bargaining process. (Doc. 8, Ex. N.)  Petitioner, through counsel, filed a petition arguing that *Missouri v. Frye*, 566 U.S. 134 (2012), which held that a defendant has a right to effective representation during plea negotiations, constituted a significant change in the law, and

---

[1]  Because Petitioner pleaded guilty, his only avenue of direct review was a Rule 32 "of-right" proceeding.  *See* Ariz. Rev. Stat. § 13-4033(B) ([I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding").

therefore, the court should consider his untimely claim of ineffective assistance of counsel. (Doc. 8, Ex. O.) The trial court conducted an evidentiary hearing. (Doc. 8, Ex. Q.) On March 20, 2014, the court dismissed the post-conviction proceeding concluding that the post-conviction proceeding was untimely under Rule 32 and, alternatively, that Petitioner's claim of ineffective assistance of counsel lacked merit. (Doc.8, Ex. R.)

Petitioner filed a petition for review in the Arizona Court of Appeals, arguing that *Frye* constituted a significant change in the law, and therefore, the trial court erred both in concluding that his petition was untimely and in its factual findings. (Doc. 8, Ex. S.) On December 3, 2015, the Arizona Court of Appeals granted review, but denied relief. (Doc. 9, Ex T.) The appellate court concluded that *Frye* was not a significant change in the law, because consistent with *Frye*, Arizona had previously recognized that a defendant is entitled to effective representation in the plea bargaining context. (*Id*.) The appellate court affirmed the trial court's ruling that the post-conviction proceeding was untimely. (*Id*.) Petitioner sought review in the Arizona Supreme Court, which the court denied on May 24, 2016. (Doc. 8, Ex. U.)

### D.    Federal Petition for Writ of Habeas Corpus

On June 7, 2017, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Petitioner raises the following three grounds for relief: (1) defense counsel was ineffective during the plea process (Ground One); (2) his aggravated sentences violate the Sixth Amendment because a jury did not determine the aggravating factors (Ground Two); and, (3) Petitioner's guilty plea was not knowing, intelligent, and voluntary because Petitioner was unable to understand English. (Doc. 1 at 6-8.) As set forth below, the Court recommends that the petition be dismissed as untimely.

### II.    Statute of Limitations

#### A.    Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for a state prisoner to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The

limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]  Therefore, to assess the timeliness of the petition, the Court determines the date on which Petitioner's convictions became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).  By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals. *See* Ariz. Rev. Stat. § 13-4033(B).  Rather, Petitioner could seek review of his convictions and sentences in an "of-right" proceeding pursuant to Rule 32, which is the functional equivalent of a direct appeal. *See* Ariz. R. Crim. P. 32.1 and 32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review).

Petitioner pleaded guilty and was sentenced on February 20, 2004.  (Doc. 8, Ex. E.)  On February 27, 2004, he commenced a Rule 32 of-right proceeding.  (Doc. 8, Ex. F.)  The trial court granted relief on one claim, and the State appealed.  (Doc. 8, Exs. J, K.)  On March 30, 2006, the Arizona Court of Appeals reversed the trial court's ruling.  (Doc. 8, Ex. K.)  Petitioner did not seek review in the Arizona Supreme Court. (*Id*.)  Therefore, Petitioner's convictions became final on May 1, 2006 when the time for

---

[2]  The statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D). *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D).  In Ground One, Petitioner asserts that trial counsel was ineffective for failing to convey a plea offer based on *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012).  Thus, Petitioner could argue that the statute of limitations commenced in 2012. *See* 28 U.S.C. § 2244(d)(1)(C).

However, in *Lafler* and *Frye* the Supreme Court did not create new constitutional rights and, therefore, § 2244(d)(1)(C) does not apply and does not supply a later starting date for the statute of limitations.  For the starting date in § 2244(d)(1)(C) to apply, the Supreme Court must recognize a new right and that right must be "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).  In both *Lafler* and *Frye* the Supreme Court applied the *Strickland* test for ineffective assistance of counsel to a new situation, but did not create a new constitutional right. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) ("Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government.").

filing a petition for review in the Arizona Supreme Court expired.[3]  *See* Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the filing of a decision . . . any party may file with the clerk of the Court of Appeals a petition for review by the Supreme Court."); *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that for "a state prisoner who does not seek review in the State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (for purposes of § 2244(d)(1)(A) direct review is final upon conclusion of direct review or the time to seek such review).  Therefore, the one-year limitations period commenced the next day, May 2, 2006, and expired one year later, on May 2, 2007, unless statutory or equitable tolling apply.[4]  *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

### B.    Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in state court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

---

[3]  Thirty calendar days after March 30, 2006 was April 29, 2006.  The next business day was Monday, May 1, 2006.

[4]  Respondents assert that Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on the date the Arizona Court of Appeals issued its mandate, June 19, 2006.  (Doc. 8 at 5 (citing *Celaya v. Stewart*, 691 F. Supp. 2d 1046, 1053-55 (D. Ariz. 2010), and *Wells v. Ryan*, 2015 WL 9918159, at * 9 (D. Ariz. Aug. 13, 2015).)  The cases Respondents cite conclude that for purposes of *statutory tolling* under § 2244(d)(2), when the Arizona Court of Appeals grants review but denies relief, a post-conviction proceeding is pending until the appellate court issues the mandate.  *See Wells*, 2015 WL 9918159, at *9.  These cases do not pertain to when a conviction becomes final for purposes of § 2244(d)(1)(A).

The one-year limitations period started running on May 2, 2006, and ran for 164 days until Petitioner filed a notice of post-conviction relief on October 13, 2006. (Doc. 8, Ex. L.) On October 23, 2006, the state court dismissed that proceeding and Petitioner did not appeal. (Doc. 8, Ex. M.) Therefore, the statute of limitations began running again on October 24, 2006, and expired 201 days later on May 13, 2007.

Several years after the limitations period expired, in June 2012, Petitioner commenced another post-conviction proceeding. (Doc. 8, Ex. N.) Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *See Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Therefore, the post-conviction action commenced in June 2012 did not toll the already-expired statute of limitation. Accordingly, the petition is untimely unless equitable tolling applies.

## C.    Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). A petitioner must act with "reasonable diligence" throughout the period he seeks to toll. *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). The petitioner bears the burden of establishing that equitable tolling is warranted. *See Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (holding the petitioner must establish a causal connection between the cause of his delay and the delay itself).

Petitioner argues that equitable tolling applies because he lacks legal knowledge. (Doc. 1 at 11; Doc. 15 at 4-8.) Petitioner's lack of legal knowledge and legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se*

- 6 -

petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief.   Such circumstances are not extraordinary and do not justify tolling the limitations period.  "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at \*4 (E.D. Cal. Apr. 4, 2008); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims, nor petitioner's inability to correctly calculate the limitations period, were extraordinary circumstances warranting equitable tolling).

Petitioner also argues that the statute of limitations should be equitably tolled because he "struggles to read, write, or even comprehend English."  (Doc. 15 at 7; *see* Doc. 1 at 8 (alleging that Petitioner has an "extreme inability" to understand English and asserting that an interpreter was not provided during the plea process).)   The Ninth Circuit has "rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but [has] recognized that equitable tolling may be justified if language barriers actually prevent timely filing." *See Mendoza v. Carey*, 449 F.3d 1065, 1069-70 (9th Cir. 2006).  However, "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA limitations period, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza*, 449 F.3d at 1070.

Petitioner has not met his burden of establishing that he was unable to obtain any assistance in his own language or that this was the reason for his failure to file a habeas petition within the statute of limitations.  Petitioner does not detail any steps taken during

the time the limitations period was running. Additionally, Petitioner was able to initiate state post-conviction proceedings, indicating that Petitioner was capable of filing legal documents in English, despite his purported language barrier. The record also reflects that during the state court proceedings, Petitioner acknowledged that he understood English. (Doc. 8, Ex. Q at 29-30.) Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations based on his alleged difficulties understanding English.

Finally, Petitioner asserts, without explanation, that failure to consider his claims will result in a fundamental miscarriage of justice. (Doc. 15 at 6.) However, this conclusory allegation is insufficient to establish that equitable tolling is warranted. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (holding that the actual innocence/fundamental miscarriage of justice exception applies to the AEDPA statute of limitations).

### III.    Conclusion

The Court concludes that the petition is untimely and recommends that it be denied on that basis. Therefore, the Court does not consider Respondents' alternative arguments for denying relief.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED** as untimely.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have **fourteen days** from the date of service of a copy of this

recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 26th day of February, 2018.

Bridget S. Bade
United States Magistrate Judge