**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tuan Le Nguyen,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-17-01771-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (Doc. 16 at 8). The R&R further recommended that a Certificate of Appealability be denied. (*Id.*).

**I.　Review of an R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of

the [report and recommendation] to which objection is made"). In this case, Petitioner filed objections in his Response to Report and Recommendation ("Response") (Doc. 17), and the Court will review those objections de novo.

## II. Factual and Procedural Background

The R&R summarized the factual and procedural history and neither party objected to this history. (Doc. 16 at 1–3). Therefore, the Court adopts that portion of the R&R in this case.

## III. R&R

On February 26, 2018, the Magistrate Judge issued an R&R recommending that the Petition be denied as untimely under the AEDPA's statute of limitations. (*Id.* at 1–9). As explained by the Magistrate Judge, the AEDPA, 28 U.S.C. § 2244(d)(1), provides a one-year statute of limitations for a state prisoner to file a petition for writ of habeas corpus in federal court, which generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (Doc. 16 at 3–4). Here, Petitioner's convictions became final on May 1, 2006—the day Petitioner's time for filing a petition for review of his Rule 32 "of right" appeal in the Arizona Supreme Court expired. (*Id.* at 4–5). The one year statute of limitations period therefore commenced the next day, May 2, 2006, and expired one year later on May 2, 2007 absent any statutory or equitable tolling. (*Id.* at 5).

In regard to statutory tolling, the Magistrate Judge explained that "[p]ursuant to the AEDPA, the one-year limitations period is tolled during the time that a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" (*Id.* (quoting 28 U.S.C. § 2244(d)(2)). The one-year limitations period started running on May 2, 2006, and ran for 164 days until Petitioner filed a notice of post-conviction relief on October 13, 2006, tolling the limitations period. (*Id.* (citing (Doc. 8, Ex. L))). On October 23, 2006, the state court dismissed that proceeding and Petitioner did not appeal, causing the limitations period to begin running again on October 24, 2006. (*Id.* (citing (Doc. 8, Ex. M))). The statute of

limitations expired 201 days later on May 13, 2007. (*Id.*). Petitioner's subsequent commencement of another post-conviction proceeding in June 2012 did not toll the already-expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). The Magistrate Judge concluded that, accordingly, the petition is untimely unless equitable tolling applies. (Doc. 16 at 6).

Turning to equitable tolling, the Magistrate Judge explained that "a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." (*Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). The Magistrate Judge explained that a petitioner "must act with 'reasonable diligence' throughout the period he seeks to toll," (*Id.* (citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)), and that the petitioner "bears the burden of establishing that equitable tolling is warranted." (*Id.* (citing *Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007))). The Magistrate Judge determined that Petitioner's claims of lacking legal knowledge and inability to understand English were insufficient to meet his burden of showing extraordinary circumstances sufficient to equitably toll the limitations period. (*Id.* at 6–8).

Finally, the Magistrate Judge rejected Petitioner's assertion that failure to consider his claims would result in a fundamental miscarriage of justice. (*Id.* at 8). The Magistrate Judge explained that "this conclusory allegation is insufficient to establish that equitable tolling is warranted." (*Id.* (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013))).

Based on Petitioner's failure to file his habeas action within the statute of limitations and the finding that Petitioner failed to state a sufficient basis for statutory or equitable tolling of the statute of limitations, the Magistrate Judge determined that she need not consider the merits of Petitioner's claims. (*Id.*).

**IV.  Petitioner's Objections**

Petitioner does not object to the Magistrate Judge's application of the AEDPA's statute of limitations to his procedural history, the Magistrate Judge's conclusion that the

statute of limitations expired because Petitioner failed to establish that statutory tolling should apply, or the Magistrate Judge's rejection of his miscarriage of justice claim. The Court accepts those recommendations.

Petitioner objects to the Magistrate Judge's conclusion that the AEDPA one-year statute of limitations expired because Petitioner failed to establish that equitable tolling should apply. (Doc. 17 at 4–5).

### A. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the AEDPA statute of limitations and objects to the Magistrate Judge's finding to the contrary in the R&R. (Doc. 17 at 4–5). In support of this contention, Petitioner argues that inadequate legal resources in prison, along with his lack of knowledge of the English language, established the "causal connection" to his untimely filing. (*Id.*).

As stated above, to prove equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. The Petitioner has the burden to show he is entitled to equitable tolling, and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1065–66 (9th Cir. 2002) (citation omitted).

Petitioner first argues that he is entitled to equitable tolling because of inadequate prison legal resources, alluding to general issues with the Arizona prison system and insufficient law libraries. (Doc. 17 at 4–5). Petitioner further argues that equitable tolling is justified because of his "inability to comprehend the English language." (Doc. 17 at 5).

The Ninth Circuit has held that inadequate prison law libraries can be grounds for equitable tolling in certain limited situations. *Roy v. Lampert*, 465 F.3d 964, 974 (9th Cir. 2006) (indicating that petitioners may be entitled to equitable tolling if they could show that inadequate prison law libraries gave them no access to AEDPA and they therefore did not know about the limitations period). The Ninth Circuit considers whether petitioners make specific allegations regarding the prison's legal facilities and provide

evidence of diligent efforts to file a timely claim. *Id.* at 971.

Regarding Petitioner's language issue, the Ninth Circuit has "rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but [has] recognized that equitable tolling may be justified if language barriers actually prevent timely filing." *Mendoza v. Carey*, 449 F.3d 1065, 1069–70 (9th Cir. 2006). However, "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza*, 449 F.3d at 1070.

The Magistrate Judge points out that "Petitioner does not detail any steps taken during the time the limitations period was running." (Doc. 16 at 7–8). In his Response, Petitioner still fails to provide any specificity regarding the prison's library facilities, his efforts to make a timely filing or obtain assistance from any source, and potential causation. (Doc. 17).

Furthermore, the Magistrate Judge noted that "Petitioner was able to initiate state post-conviction proceedings, indicating that Petitioner was capable of filing legal documents in English, despite his purported language barrier. The record also reflects that during the state court proceedings, Petitioner acknowledged that he understood English. (Doc. 8, Ex. Q at 29-30)." (Doc. 16 at 8). The Ninth Circuit has found this reasoning persuasive. *See Ramirez*, 571 F.3d at 998 (finding "substantial support" for the court's denial of equitable tolling in "the observation that during the same period of time [the petitioner] claims that he was 'unable to prepare' his federal habeas petition due to limited library and copier access, he filed a lengthy and well-researched motion in federal court requesting the limitations period be tolled, and a successful discovery motion in the California Superior Court. [The petitioner] offers no explanation of how or why his restricted library access made it impossible for him to file a timely § 2254 petition but not these other substantial legal filings."). Accordingly, Petitioner has not met his "very high" burden to establish equitable tolling. *Miranda*, 292 F.3d at 1065–66.

## V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 16) is accepted and adopted; the objections (Doc. 17) are overruled. The petition is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a Certificate of Appealability, because dismissal of the Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 11th day of June, 2018.

_____
James A. Teilborg
Senior United States District Judge